STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO.   AP-01-19
                                        DHM - KEN-7/20/200\


LOUIS CARRIER
            Plaintiff


    V.                                  **ORDER  ON  APPEAL**


MALAKA RUSSELL
            Defendant



        This matter is before the Court on appeal from judgment in
favor of the appellant on a small claims proceeding in the Augusta
District Court.   In Plaintiff's statement of claim, he seeks
recovery on a debt of $3,730 based upon unpaid rent for the
premises at 58 Winthrop Street in Augusta from March 21, 1998
through November 21, 1998.   The parties had a written lease dated
June 24, 1991 for rental of the premises for twelve months
beginning July 27, 1991.   The specific provision in the lease
provided that the tenancy would become a tenancy at will on a
month-to-month basis upon a continuation of the tenancy after July
26, 1992 bound by all the terms of the lease.   Either party was
entitled under its terms to vacate upon thirty days written notice
prior to the rent date.
        The District Court found that the apartment had a number of
water leaks over the course of the Defendant's occupancy.   The
Defendant was away from the apartment for an extended stay but
upon her return, in June or July, the Court found that the
conditions were severe.   The Court found that the Plaintiff
breached the rental contract in that the apartment was not
habitable and that Plaintiff had breached a specific paragraph in
the written lease promising to provide "an apartment that is fit
to live in and not dangerous to life, health or safety."   However,
the Defendant did not vacate the apartment but continued to reside
at that location until the property was sold in December of 1998.
The District Court concluded that because of the Plaintiff's

breach of its warranty of habitability, the contract was void, the remedies of the tenant under the terms of the lease were not applicable and the Court ordered the Defendant excused from paying rent for the six month period of July to December. [1]

Factually, the Plaintiff claims that he is entitled to written notice of a condition threatening life or safety of the tenant which has never been provided. Defendant states that Plaintiff had actual notice of the condition but has not provided the Court with a specific date when such actual notice took place. While it appears that complaints were continuous from the first date of occupancy as to water leaking into the apartment, it further appears that no specific complaint as to the warrantability of the premises were made by the tenant to the Plaintiff until the initiation of the small claims action.

The lease provides a warranty by the landlord that the residence complies with all applicable housing codes, is fit to live in and is not dangerous to the life, health or safety of the tenant. In that same provision, the landlord promises to make all necessary repairs and take all necessary action to keep the residence fit to live in. In a separate subsection of the same paragraph in the lease, there are provisions that call for actions on the part of the tenant in the event "there are conditions in the residence that threaten health or safety..." where this appears to be a recitation of statute which allows a tenant to withhold rent and use it to make minor repairs to the unsafe condition. This also contains the fourteen day written notice requirement to the landlord and a limitation on the withholding. A separate subsection of the subsection contains a provision that if the residence is damaged and is uninhabitable and if the tenant leaves because of that condition, the tenant will not be liable for rent from the day of the damage and may cancel the lease on

---

[1] The District Court finding states the "Defendants" breached the contract but it intended to say "Plaintiff" breached the contract. In addition it appears that the Plaintiff sold the premises in December of 1998 and, therefore, the District Court's reference to July to December 1999 was an oversight.

2

three days notice.

State law provides two sections which appear to relate to the two subsections in the lease delineating the landlord's residential responsibility. The warranty of habitability section of the lease, appears to comply with 14 M.R.S.A. §6021 which requires a covenant and warranty of habitability. It further provides that if the dwelling becomes unfit for human habitation, the tenant has certain remedies in the District Court. The tenant must establish that the condition impairs the health and safety of the tenant, that it was not caused by the tenant, that written notice of the condition is given to the landlord or the landlord's agent, that the landlord unreasonably failed to correct the situation and the tenant is current in rental payments. A specific provision allows actual notice to the person who customarily collects rent in lieu of the written notice of the condition. Under the circumstances of this complaint, the law allows the Court to find the breach as of the date of actual notice of the condition. In addition to any other relief, the Court may issue injunctions, determine fair value of the use and occupancy and order a rebate and authorize the tenant to temporarily vacate the building unit. The statute specifically provides that "no use and occupation charge shall be incurred by a tenant until such time as the tenant resumes occupation of the dwelling unit." 14 M.R.S.A. ¶6021 (4) (C)

A second statutory provision provides for requirements that the landlord maintain provisions appropriate for human habitation. It is 14 M.R.S.A. §6026. The provision is entitled "Dangerous conditions requiring minor repairs." In this case, if the landlord fails to maintain the unit appropriately, and if the reasonably cost of doing so is less than $250 or an amount equal to one-half the monthly rent, whichever is greater, the tenant may notify the landlord in writing of the tenant's intent to correct the condition at the landlord's expense. This section also provides a notice requirement. In both this provision and §6021,

3

specifically subsection 5 in each, a written agreement is authorized where the tenant accepts specified conditions which may violate the warranty in return for stated reduction in rent or other specified fair consideration.

The Plaintiff argues that the lease agreement, a binding contract between Plaintiff and Defendant, contains all of the remedies available to the tenant in the event of violations of the warranty of habitability. Unfortunately, the lease attempts to provide remedies under 14 M.R.S.A. §6026 for dangerous conditions requiring minor repairs in the event of a breach of the warranty required in 14 M.R.S.A. §6021. It is clear from an examination of Chapter 710 of Title 14, the provisions dealing with rental property, that the two provisions are distinct in the sense that a tenant may exercise a choice under the law between proceeding with a complaint before the District Court in the event that the premises are unfit for human habitation or proceed to effectuate repairs at the landlord's expense in the event they are "minor repairs". The rights to repair are supplemental and don't limit the rights of the tenant to challenge the habitability in §6021. There is not comparable provision in §6021 because the rights under §6026 are limited by the cap and the reasonable cost of compliance. Therefore, under the statutory scheme, in some circumstances, the provisions of the lease giving remedies to the tenant as insisted upon by the Plaintiff would be appropriate and in others they would not. This would imply that the "Tenant's Rights If the Landlord Fails to Provide Services", (lease ¶10, Subsection C) is a contractual limitation for the tenant in the event the condition needs minor repairs, while the warranty of habitability (lease ¶10 Subsection B) "Residence Must Be Fit to Live In", calls for the statutory relief.

To all of this, the District Court has determined that the breach of habitability results in a breach of the lease, i.e., the contract, which, under contract common law, would afford the Defendant the right of nonperformance. From a contractual point

4

of view, that would be the end of it. However, by retaining residency in the premises, the tenant has created, at the least, a tenancy at sufferance if not a tenancy at will. The law must create that relationship if the tenant is to obtain the benefit of the occupancy. However, since the lease has been breached, contract law would require that tenant pay fair value for the occupancy as conditions existed, as a matter of fact. This analysis is anticipated in the statute which allows the Court to determine the fair value of the use and occupancy of the dwelling unit from the date the landlord received actual notice of the condition until such time as the condition is repaired. Or, in this case when the tenant vacates the premises.

This conclusion by this Court is based upon an understanding that Chapter 710 of Title 14 is promulgated by the legislature for purposes of replacing or modifying the common law of landlord-tenant relationship to specifically define the responsibilities of each party under conditions as exist in this case. While it could be argued that basic contract law allows the Defendant to walk away from her responsibility for rent, her continued occupancy triggers the application of landlord-tenant law and redefines the responsibilities of each party. Under those circumstances, this Court believes the responsibility of the District Court was to determine the value of Defendant's tenancy at will, notwith-standing the previous lease agreement, and to base Plaintiff's statement of claim relief on that finding. This Court also believes that the District Court must make a determination of a specific time of actual notice in the absence of written notice as required in the statute.

5

For reasons stated herein:

Appeal of Appellant from District Court judgment is sustained; matter remanded to District Court for redetermination of Appellant's claim consistent with this opinion.

DATED: _____ July 20, 2001 _____

_____
Donald H. Marden
Justice, Superior Court

6

Date Filed __3/23/01__     __Kennebec__     Docket No. __AP01-19__
                              County

Action __Appeal from District Court__          **J. MARDEN**
              Small Claims


__Louis Carrier__          VS.   __Malaka Russell__

Plaintiff's Attorney              Defendant's Attorney

Craig A. Stevens, Esq.            Susan Farnsworth, Esq.
6 West Crescent Street            P.O. Box 29
Augusta, Maine 04330             Hallowell, Maine 04347-0029


| Date of Entry | |
|---|---|
| 3/23/01 | Appeal from Southern District Court with all papers, filed. Small Claims notice mailed to atty. of record. |
| 3/27/01 | Exhibits from District Court, filed. |
| 4/3/01 | Brief of Appellant, filed. s/Stevens, Esq. |
| 5/3/01 | Brief of Appellee-Defendant, filed. s/Farnsworth, Esq. |
| 5/18/01 | Reply Brief of Appellant, filed. s/Stevens, Esq. Certificate of Service, filed. s/Stevens, Esq. |
| 5/31/01 | Hearing had on oral arguments held on 5/30/01 with Hon. Justice Donald Marden, presiding. Craig Stevens, Esq. for the Plaintiff. Susan Farnsworth, Esq. for the Defendant. Oral arguments made to the court Court to take matter under advisement. |
| 7/23/01 | ORDER ON APPEAL, Marden, J. (dated 7/20/01) Appeal of Appellant from District Court Judgment is sustained; matter remanded to District Court for redetermination of Appellant's claim consistent with this opinion. Copies mailed to attys of record. Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |